[Civ. No. 14806.   Second Dist., Div. One.   Dec. 26, 1945.]

WEST COAST HOME IMPROVEMENT CO., INC. (a Corporation), Appellant, v. CONTRACTORS' STATE LICENSE BOARD, Respondent.

Jerry Giesler and Robert A. Neeb, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—In a complaint filed with respondent Contractor's State License Board, appellant was charged with a violation of sections 7114, 7115, 7116, 7117 and 7118 of the Business and Professions Code. Following a hearing before a duly appointed, and qualified deputy registrar of contractors, appellant was found guilty of violating section 7116 of the above mentioned code and not guilty of all other charges made against it. Subsequently, and pursuant to the provisions of section 7099 of the Business and Professions Code, appellant filed in the Superior Court of Los Angeles County a petition for a writ of mandate commanding respondent board to restore to appellant its license to carry on the business of a contractor and to dismiss the proceedings which resulted in an order revoking said license. When the mandamus proceeding came on for hearing in the superior court the matter was submitted on the entire record of the proceedings had before respondent board, which included a reporter's transcript of said hearing. From a judgment discharging the alternative writ theretofore issued and denying a peremptory writ, appellant prosecutes this appeal.

As a first ground for reversal, it is asserted by appellant that the court erred in not granting to it a trial de novo. This claim is based upon the identical grounds urged by appellant in the companion case of *West Coast Home Improvement Co., Inc.* v. *Contractors State License Board*, this day decided, *ante*, p. 287 [164 P.2d 811]. Upon the authority and for the reasons stated in the cited case, appellant's contention in this regard must be held to be without merit.

Section 7116 of the Business and Professions Code for a violation of which appellant was adjudged guilty, provides

for disciplinary measures when as a consequence of any willful or fraudulent act on the part of a licensee as a contractor substantial injury ensues to any person. The trial court found that representatives of appellant, for the purpose of obtaining contracts for the sale of a product known as "Asbesto Seal," made misleading, false and fraudulent representations; that under the terms of said contracts the above named product was to be applied by appellant to the dwelling houses of the parties mentioned in the complaint against appellant; that the following representations made by appellant were relied upon by the persons to whom they were made and were untrue:

"1. 'Asbesto Seal' is a plastic.

"2. 'Asbesto Seal' is an insulator.

"3. 'Asbesto Seal' prevents stucco from cracking.

"4. The life expectancy of 'Asbesto Seal' is as great as fifteen years and even for the lifetime of the house.

"5. 'Asbesto Seal' is a water-proofing material.

"6. 'Asbesto Seal' is a weather-proofing material.

"7. 'Asbesto Seal' is an elastic product.

"8. 'Asbesto Seal' is a product that will not crack, chip or peel.

"9. That in respect to the foregoing alleged qualities ascribed to 'Asbesto Seal' they were present in much greater degree than found in ordinary types of paint or elsewhere were found exclusively in 'Asbesto Seal'."

The court further found that the foregoing representations were made willfully and that the persons to whom they were made were materially injured, in that it was shown that "in practically all instances . . . the exterior coverings of the houses were in better condition prior to the application of the Asbesto Seal than they were after the application; it was impossible to determine the actual amount of injury suffered by the respective owners; but the extent of the damage in each case amounts to the actual cash outlay by each person, said 'Asbesto Seal' being a complete loss; and that in addition thereto, there is the further cost of placing each building in proper condition by removing said 'Asbesto Seal' in order that suitable materials can thereafter be applied."

In view of appellant's contention that the record is totally devoid of evidence showing any willful or fraudulent act or a substantial injury as a consequence of any such act, it becomes necessary to here set forth an epitome of the testimony given before the hearing officer and considered by the trial

court. In that regard, the reporter's transcript reflects that Kenneth C. Hicks testified that he signed a contract with appellant to paint his house. One of appellant's salesmen talked with Mr. and Mrs. Hicks, stating that the material to be applied to the house would waterproof and fireproof it. The salesman further represented that the material in question would keep the house warm in the winter and cool in the summer months; that no further painting job would be required because the paint to be applied would last a lifetime. It was represented that the material was a plastic paint and would seal the cracks. From the record it appears that at the time in question the house was about eight months old and in good condition, but at the hearing which occurred some nine months after completion of the contract the paint was chipping off, the stucco was also chipping and around the bottom was "full of cracks"; and the paint on the windowsills was coming off. There was also testimony that within nine months after appellant had painted the house it needed repainting. Other house owners, some six in number, gave similar testimony as to representations made to them and consequent results which ensued to their property. One witness testified that "you could lift the paint off just like you could lift off a piece of paper." Another witness testified that at the time of the hearing the paint and stucco on his house was cracking, while the paint itself was washing off the house. Suffice it to say that there is in the record substantial evidence to support the foregoing finding of the trial court that appellant made untrue representations as to the material known as "Asbesto Seal"; that prospective purchasers were induced to sign contracts with appellant which they would not have signed except for the misleading statements made of and concerning the aforesaid material; and that "in practically all instances it was shown that the exterior coverings of the houses were in better condition prior to the application of the 'Asbesto Seal' than they were after the application"; that it was necessary to remove the "Asbesto Seal" in order that suitable materials can thereafter be applied to the respective houses. In other words, there is evidence that the material did not possess the qualities it was represented to have. That the customers relied upon appellant's representations in signing the contracts with it is amply supported by substantial evidence.

Appellant's contention that the customers signed notices of completion notwithstanding that there was printed on

such notices in large type the admonition, ''Do not sign this certificate until the work is satisfactorily completed,'' is not impressive, because the record shows that such notices were signed upon the solicitation of appellant in order that the latter might secure payment from the bank upon the loan made to finance the work. Furthermore, the effects of appellant's misleading representations were not apparent at the time when the notices of completion were signed, which was more or less contemporaneous with the time when the work was finished.

While there was evidence in conflict with some of the foregoing, under the long established rule this court cannot interfere with the conclusions arrived at by the triers of fact when there is substantial evidence, however sharply controverted, which supports the findings of the trial court.

By reason of the foregoing, and upon the authority as well as for the reasons stated in *West Coast Home Improvement Co., Inc.* v. *Contractors' State License Board, supra,* this day decided, the judgment from which this appeal is taken is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 21, 1946.